IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE LUIS MEDINA-LARA, | ) | 1:10-cv-02255-JLT HC |
| | ) | |
| Petitioner, | ) ) ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR MOOTNESS (Doc. 16) |
| v. | ) | |
| | ) ) ) ) | ORDER REQUIRING RESPONDENT TO FILE RESPONSE TO JANUARY 5, 2011 MODIFIED ORDER TO SHOW CAUSE WITHIN THIRTY DAYS |
| ATTORNEY GENERAL E. HOLDER, | | |
| | ) | |
| Respondent. | ) ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 that was originally filed on December 6, 2010. (Doc. 1). On December 27, 2010, Petitioner filed his first amended petition. (Doc. 8). On December 16, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6). On December 27, 2010, Respondent filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 7).

The first amended petition alleges that, at the time of filing, Petitioner was in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner alleges that he is a native of Mexico, that he is a lawful permanent resident of the United States, that he is subject

1

to a final order of removal from the United States as of October 28, 2010, and that he has been in continuous custody of ICE since September 14, 2009, a period of almost fifteen months at the time the original petition was filed. (Doc. 8, pp. 2-3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(6) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 8, pp. 4-5).

After an initial screening, the Court concluded that, if proven, Petitioner's allegations could require that the original petition to be granted and that Petitioner be released from Respondent's custody. Accordingly, on December 15, 2010, the Court issued Respondent an Order to Show Cause why the petition should not be granted and required Respondent to file a response within forty-five days. (Doc. 4). On January 5, 2011, after Petitioner filed his first amended petition on December 27, 2010, but before Respondent had filed a response, the Court modified its Order to Show Cause by ordering that Respondent file a response to the amended petition rather than the original petition. (Doc. 10). On March 18, 2011, Respondent filed his response, arguing that the amended petition should be denied as moot because Petitioner was then scheduled to have a bond hearing at a future date. (Doc. 16).[1]

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order post-removal-period detention; in such a proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but rather is challenging the extent of his authority to detain under the statute, which is not a matter of discretion. Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001); Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999). Accordingly, the Court has subject matter jurisdiction over this action.

---

[1] Because Respondent does not respond to the merits of the claims in the amended petition but, instead, argues for dismissal of the claims as moot, the Court will construe Respondent's Response to the January 5, 2011 modified Order to Show Cause as a motion to dismiss.

In his amended petition, Petitioner contends that he is a native of Mexico, that on June 11, 2010, he was ordered removed from the United States by an Immigration Judge, that he appealed the order of removal to the Board of Immigration Appeals ("BIA"), that the BIA denied his appeal on October 28, 2010, and that he is now subject to a final order of removal.  (Doc. 1, p. 2).  Petitioner further alleges that he has been in the continuous custody of ICE since September 14, 2009.  (Doc. 1, pp. 3).  Nowhere does Petitioner allege that his removal has been stayed by an legal authority.

In the response to the modified Order to Show Cause, Respondent contends that the instant petition is moot because Petitioner, whose only claim relates to his unlawful and ongoing custody by ICE, has been scheduled for a bond hearing to determine the legality of his ongoing detention. Based on the scant record now before the Court, the Court disagrees with Respondent that the issues in the amended petition are moot and denies without prejudice Respondent's motion to dismiss.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

In the instant case, the only issue properly before this Court is the constitutionality of Petitioner's ongoing detention by Respondent under Zadvydas.[2]  The amended petition makes a passing citation to Casas-Castrillon v. Dept. of Homeland Security, 535 F.3d 942 (9th Cir. 2008),

---

[2] On May 11, 2005, Public Law 109-13 was enacted.  Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal."  Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)
 The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, unlawful detention is the only issue this Court has jurisdiction to consider under RIDA.

1  which holds, as Respondent acknowledges, that an alien in post-order detention as the result of a
2  judicial stay of removal should be accorded a bond hearing before an Immigration Judge.  (Doc. 16,
3  p. 1).  In his prayer for relief, Petitioner requests either an order from this Court releasing him under
4  supervision or that this Court order a bond hearing before an Immigration Judge.  (Doc. 8, p. 5).

5       Thus, the only relief which the Court could afford to Petitioner in these proceedings would be
6  either (1) to issue an order releasing Petitioner from Respondent's custody, should the Court
7  determined that his continued detention by ICE indeed was unlawful, or (2) to order an Immigration
8  Judge to conduct a bond hearing pursuant to Casas-Castrillon.

9       Respondent does not address the Zadvydas issue, i.e., unlawful and indefinite detention, at
10 all; however, Respondent indicates in the response to the Order to Show Cause that Petitioner was
11 scheduled for a bond hearing on March 25, 2011.  According to Respondent's reasoning, the
12 scheduling of the bond hearing moots the issues in the amended petition.  However, Respondent has
13 failed to provide any evidence that the bond hearing was actually held, or, if held, what the outcome
14 was of said hearing, or whether Petitioner has been released on supervision or instead continues to be
15 indefinitely detained by Respondent.  Indeed, Respondent notes that an earlier bond hearing had been
16 scheduled for March 4, 2011, but was continued to March 25, 2011, approximately seven days after
17 Respondent filed his response contending that the petition was moot, in order to allow Petitioner's
18 newly-appointed counsel time to prepare.  Since March 25, 2011, the Court has awaited a further
19 submission from Respondent regarding whether the bond hearing was actually held on March 25,
20 2011 as scheduled, whether Petitioner has been released under supervision, or whether such a
21 hearing has been rescheduled for some date in the future.  However, to date, Respondent has not
22 advised the Court of the current status of Petitioner's request for a bond hearing nor has Respondent
23 responded to the main thrust of the amended petition, i.e., the Zadvydas issue.

24      Thus, from the present record, the Court cannot consider the issues raised in the amended
25 petition to be moot.  Put another way, the issues of the legality of Petitioner's ongoing and
26 apparently indefinite detention as well the question of his entitlement to a bond hearing both
27 continue to create a case or controversy which this Court has jurisdiction to address.  The mere fact
28 that a Immigration Judge has *scheduled* a bond hearing, as opposed to actually *conducting* a bond

hearing, is, in the Court's view, insufficient to establish that Petitioner's claims are moot, i.e., that "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy, 455 U.S. at 481.  Accordingly, Respondent's motion to dismiss for mootness will be denied without prejudice to refiling a successive motion to dismiss if and when Respondent presents additional evidence that bears upon whether the claims in the amended petition are indeed moot.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's Motion to Dismiss  (Doc. 16), is DENIED without prejudice to filing a successive motion to dismiss with additional evidence regarding mootness;

2. Respondent is hereby ORDERED to file a supplemental response to the Court's January 5, 2011 Modified Order to Show Cause within thirty days of the date of service of this order showing why the first amended petition should not be granted.

IT IS SO ORDERED.

Dated:   **May 6, 2011**                                         **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE