IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MEDINA-LARA,<br><br>   Petitioner,<br><br>   v.<br><br>ATTORNEY GENERAL E. HOLDER,<br><br>   Respondent. | 1:10-cv-02255-JLT HC<br><br>ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS AMENDED PETITION (Doc. 20)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE CASE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 that was originally filed on December 6, 2010. (Doc. 1).

**PROCEDURAL HISTORY**

On December 27, 2010, Petitioner filed his first amended petition. (Doc. 8). On December 16, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6). On December 27, 2010, Respondent filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 7).

The first amended petition alleges that, at the time of filing, Petitioner was in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner alleges that he is a native of Mexico, that he is a lawful permanent resident of the United States, that he is subject

to a final order of removal from the United States as of October 28, 2010, and that he has been in continuous custody of ICE since September 14, 2009, a period of almost fifteen months at the time the original petition was filed. (Doc. 8, pp. 2-3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(6) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 8, pp. 4-5).

After an initial screening, the Court concluded that, if proven, Petitioner's allegations might require that the original petition be granted and that Petitioner be released from Respondent's custody. Accordingly, on December 15, 2010, the Court ordered Respondent to show cause why the petition should not be granted and ordered a response thereto within forty-five days. (Doc. 4). Before Respondent responded to the order to show cause, on December 27, 2010, Petitioner filed his first amended petition.

In his amended petition, Petitioner contends once again that he is a native of Mexico, that on June 11, 2010, he was ordered removed from the United States by an Immigration Judge, that he did appeal the order of removal to the Board of Immigration Appeals ("BIA"), that the BIA denied his appeal on October 28, 2010, and that he is now subject to a final order of removal. (Doc. 1, p. 2). Petitioner further alleges that he has been in the continuous custody of ICE since September 14, 2009. (Doc. 1, pp. 3). In his prayer for relief, Petitioner requests either an order from this Court releasing him under supervision or that this Court order a bond hearing before an Immigration Judge. (Doc. 8, p. 5). Therefore, the Court modified its Order to Show Cause by ordering that Respondent file a response to the amended petition rather than the original petition. (Doc. 10). On March 18, 2011, Respondent filed his response, arguing that the amended petition should be denied as moot because Petitioner was then scheduled to have a bond hearing at a future date. (Doc. 16).[1]

On May 6, 2011, the Court denied Respondent's motion to dismiss as moot because there was no evidence before the Court that the bond hearing had actually been held. (Doc. 18). The Court's order permitted Respondent to renew his request for dismissal if and when the bond hearing

---

[1] Because Respondent did not respond to the merits of the claims in the amended petition but, instead, argued for dismissal of the claims as moot, the Court construed Respondent's Response to the January 5, 2011 modified Order to Show Cause as a motion to dismiss.

2

was actually held and proof thereof was submitted to the Court. On May 13, 2011, Respondent filed the instant renewed motion to dismiss, contending that a bond hearing had been held, and, therefore, since Petitioner had received the relief he had requested, the case was now moot. (Doc. 20). Petitioner has not filed an opposition to the renewed motion to dismiss.

## **DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order post-removal-period detention; in such a proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but rather is challenging the extent of his authority to detain under the statute, which is not a matter of discretion. Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001); Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999). Accordingly, the Court has subject matter jurisdiction over this action.

In cases such as this, the district court has no jurisdiction over the issue of Petitioner's removal; rather, the only issue that invokes the habeas jurisdiction of this Court is the legality of Petitioner's detention by Respondent.[2] The amended petition refers to Casas-Castrillon v. Dept. of Homeland Security, 535 F.3d 942 (9th Cir. 2008), which holds that an alien in post-order detention as the result of a judicial stay of removal, should be accorded a bond hearing before an Immigration

---

[2] On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)

The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, unlawful detention is the only issue this Court has jurisdiction to consider under RIDA.

Judge. (Doc. 16, p. 1).[3] Given Petitioner's reference to Casas, the only issue in the amended petition, and therefore the only question before the Court, is whether Petitioner is entitled to a bond hearing before an Immigration Judge pursuant to Casas-Castrillon.[4]

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Respondent contends that the case is now moot because Petitioner has been afforded the relief he has requested, i.e., a bond hearing before an Immigration Judge. In the renewed motion to

---

[3] Respondent's renewed motion to dismiss alleges, and this Court has confirmed, that in Petitioner's appeal from his final order of removal, in Case no. 10-73377 now pending in the Ninth Circuit, the appellate court has ordered a temporary stay of removal pending resolution of the case. (Doc. 20, p. 2, fn. 1). Respondent argues that the "sole impediment" to removal is the Ninth Circuit's stay, and that if and when the stay is lifted by the Ninth Circuit, Petitioner will be removed from the United States. (Id.).

[4] The constitutionality of Petitioner's prolonged detention under Zadvydas is not a legitimate issue in the amended petition. Title 8 U.S.C. § 1231(a) provides as follows:

(a) Detention, release, and removal of aliens ordered removed
(1) Removal period
(A) In general
Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
(B) Beginning of period
The removal period begins on the latest of the following:
**(i)** The date the order of removal becomes administratively final.
**(ii)** *If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.*
**(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. (Emphasis supplied.)

Because the Ninth Circuit has imposed a temporary stay of removal, the ninety-day "removal period" under § 1231(a) has not commenced; therefore, Zadvydas is inapplicable. Hence, the only issue in the amended petition is whether Petitioner is entitled to a Casas bond hearing.

4

dismiss, Respondent has submitted documents establishing that the bond hearing was held on March 25, 2011, and that the Immigration Judge denied Petitioner's requested change in his custody status. (Doc. 20, Attach. A).   Noting that Petitioner had been engaged in drug trafficking and was armed with a firearm during the commission of this drug trafficking, the Immigration Judge found "beyond doubt that [Petitioner] is a danger to the community." (Doc. 20, Attach. B).  Moreover, the Immigration Judge noted that Petitioner "owns no property, has no assets, and has not operated a business" in the United States, and therefore concluded that Petitioner was a flight risk.  (Id.). Accordingly, Petitioner's request for release on bond was denied.  (Id.).

This record establishes that Petitioner received the bond hearing that he requested in the amended petition, that evidence was presented at that hearing, that the parties were able to argue their respective positions, and that the Immigration Judge gave a full and reasoned explanation for denying Petitioner's request for a change of status.  Accordingly, it appears to the Court that Petitioner has received all of the relief requested in his amended petition.  Therefore, there is no case or controversy, the issues presented therein are no longer "live," and, hence, the amended petition is now moot.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. at 70.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's renewed Motion to Dismiss  (Doc. 20), is GRANTED;
2. The amended petition for writ of habeas corpus (Doc. 8), is DISMISSED as MOOT;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **June 16, 2011**                                         /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE